IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RASHON PIKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 242 |
| | ) |
| DENNIS PHILLIPS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Rashon Pike ("Pike"), now in custody at Menard Correctional Center ("Menard"), has sued four Illinois Department of Corrections officers employed at Stateville Correctional Center ("Stateville"), for which purpose he has employed a form of 42 U.S.C. § 1983 ("Section 1983") Complaint made available by the United States District Court for the Central District of Illinois and has set out his factual allegations in hand-printed form. This memorandum opinion and order will address both the procedural and substantive aspects of Pike's action.

To begin with, Pike describes his efforts to satisfy the precondition to suit established by 42 U.S.C. § 1997e(a) for prisoner litigation -- the exhaustion of "such administrative remedies as are available." Although no view is expressed here as to the ultimate result of an inquiry into that subject, for now Pike's allegations justify the arguendo assumption that he has surmounted that hurdle.

Next up for consideration is Pike's compliance with the requirements of 28 U.S.C. § 1915 ("Section 1915"). In that respect he has submitted an In Forma Pauperis Application together with a printout of transactions in his trust fund account at Menard beginning July 15, 2013 (when

he was transferred there from Pinckneyville Correctional Center ("Pinckneyville")), and he states that he has been unsuccessful in getting the Pinckneyville authorities to send him the corresponding information for any time before July 15.

That lack of success does not concern this Court, for another of Pike's submissions -- a second motion and affidavit seeking in forma pauperis treatment -- bears his signature dated December 20, 2013. Even though Pike's papers were not received in the Clerk's Office until January 13, 2014, the operation of the "mailbox rule" (see <u>Houston v. Lack</u>, 487 U.S. 266 (1988)) means that the action's filing date had to be no earlier than December 20. That being true, the time gap at the beginning of the six-month period prescribed by Section 1915(a)(2) would have been no longer than 25 days (from no earlier than June 20 through July 15, 2013), while the account balance transferred from Pinckneyville to Menard was a <u>negative</u> amount (minus $1.01).

If then that were the only aspect of the Section 1915 requirement that was incomplete, this Court would find no difficulty in making an appropriate calculation under the statute. But the problem with complying with Section 1915 lies at the end rather than the beginning of the statutory six-month period, and <u>that</u> problem is readily curable by Pike through a request to the trust fund officer at Menard.

Accordingly Pike is ordered to file forthwith (1) his representation as to the date on which he mailed his lawsuit papers from Menard to this District Court or on which he delivered them to the authorities there for such mailing and (2) a further printout from Menard covering all transactions in his trust fund account there from November 15 through that date. Upon receipt of that information this Court will promptly deal with the Section 1915 requirement.

One other item needs attention before this opinion turns to the substance of Pike's Complaint -- his Motion for Appointment of Counsel ("Motion"), to which he has attached some responses received from attorneys to whom he wrote. All of those resulted in strikeouts with one exception, as to which Pike has ignored the fact that his August 13, 2013 response from the well-regarded Uptown People's Law Center was a turndown only because the organization mistakenly thought that he had written it "asking for help with [his] criminal conviction" (to the same effect, the letter's first paragraph referred to his "asking for legal assistance with [his] criminal case"). Much more to the point, the organization's letter immediately followed that latter statement with this language:

> While we do represent many prisoners in cases alleging that prison officials were negligent, or violated the law . . . .

That response plainly called for a followup by Pike that would have apprised the Law Center that his grievances in fact fell into that category, which it was capable of handling. Under the principles that our Court of Appeals has prescribed for granting the designation of pro bono counsel, that failure on Pike's part to communicate further with the Law Center calls for the rejection of the Motion without prejudice, and this Court so orders.

What has been said up to this point is simply a prelude -- though a necessary one -- to the consideration of Pike's substantive claims. This Court's examination of his allegations confirms that on their face they satisfy the "plausibility" standard established by the <u>Twombly-Iqbal</u> cases and ensuing caselaw, so that if and when Pike complies with the other matters dealt with earlier in this opinion, this Court will allow his action to proceed (including the possible designation of counsel to represent him if his followup with the Uptown People's Law Center were to prove

unsuccessful).[1]  This Court will await Pike's compliance with the earlier-stated order as to (1) identifying the filing date of this action and (2) furnishing the additional requested trust fund account information, but if it is not received within a reasonable time this Court would be constrained to dismiss the Complaint and this action without prejudice.

                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  January 16, 2014

---

[1] This Court will not, however, entertain Pike's contemporaneously-submitted handprinted "Motion For Injunction," for he is no longer vulnerable to a continuation of the conduct by his four named defendants (all of whom, as stated earlier, are stationed at Stateville).