IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **RASHON PIKE**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 242 |
| ) | |
| **DENNIS PHILLIPS**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

This Court's January 16, 2014 memorandum opinion and order ("Opinion") addressed several aspects of the putative 42 U.S.C. § 1983 ("Section 1983") action brought by inmate Rashon Pike ("Pike") against a number of defendants. On February 3 the Clerk's Office received a hand-printed submission by Pike, accompanied by a printout showing the transactions in his trust fund account at Menard Correctional Center ("Menard," where he is in custody) for the period running from July 10, 2013 through January 21, 2014. Because Pike's filing answers fewer than all of the questions that the Opinion had raised, this memorandum order can deal only with the matters to which Pike has addressed himself.

First, what Pike has now tendered enables this Court to rule on his In Forma Pauperis Application ("Application") in accordance with 28 U.S.C. § 1915 ("Section 1915"). Because his trust fund account printout shows (1) that no deposits at all were received during the relevant six-month period and (2) that the balance in that account throughout the period was a negative amount, the Application is granted -- which means that Pike is liable for the entire $350 filing fee but that no initial partial filing fee needs to be paid at this time.

Instead the trust fund officer at Menard (or at any other correctional facility where Pike may hereafter be confined) is authorized to collect monthly payments from his trust fund account hereafter in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All such payments shall be made payable to "Clerk of the District Court," shall clearly identify Pike's name and the 14 C 242 case number assigned to this action, and shall be addressed to:

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

To implement these requirements, the Clerk shall send a copy of this order to the Menard trust fund officer.

Next, Pike has not provided an adequate (if indeed any) response to the Opinion's identification of his insufficient showing in support of his Motion for Appointment of Counsel ("Motion"). What the Opinion identified as Pike's shortfall in that respect is not cured by his attachment of a one-page printed letter addressed "To whom this may concern" and indicating a mailing date of January 30, 2014.[1] Accordingly the Motion is denied.

Finally, this action is now in a position to go forward, with Pike representing himself. In that regard, Section 1915(d) requires the "officers of the court to issue and serve process," and

---

[1] In part that letter speaks of his "seeking representation on a future lawsuit." That subject is of course out of bounds in this litigation.

the United States Marshal's Service is ordered to address that subject.

                                                                     Milton I. Shadur
                                                                     Senior United States District Judge

Date:  February 10, 2014