# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RASHON PIKE, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS PHILLIPS, ET AL., <br><br> Defendants. | No. 14 C 0242 <br><br> Magistrate Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' motion for judgment on the pleadings. (Dkt. 46). On February 10, 2014, Plaintiff Rashon Pike, an inmate currently in custody of the Illinois Department of Corrections, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983. (Dkt. 12). On June 2, 2014, Defendants filed an Answer. (Dkt. 23). On August 14, 2014, the Court granted Plaintiff's motion for appointment of counsel. (Dkt. 32). On December 19, 2014, Defendants filed a motion for judgment on the pleadings (Dkt. 46) and a supporting memorandum. (Dkt. 47). The motion is fully briefed and ripe for this Court's review. For the following reasons, Defendants' motion is granted in part and denied in part.

## I. Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule

12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court may consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). All well-pleaded allegations in the non-movant's pleadings must be taken as true, and all facts and reasonable inferences from those facts must be construed in the light most favorable to the non-movant. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

## II. Background

Plaintiff brought this 42 U.S.C. § 1983 action against four employees of the Department of Corrections: Correctional Officer Dennis Phillips, Lieutenant Artl, and two members of the Adjustment Hearing Committee, Charles Best and Mario Rafe. (Dkt. 12, Compl. at 1). Plaintiff alleges that Phillips and Artl used excessive force against him during an altercation and denied him medical treatment following the altercation.[1] Specifically, Plaintiff alleges that Phillips "shoved" him into a

---

[1] Plaintiff also alleges a due process claim related to the subsequent disciplinary hearing. In his response, he asks the Court to dismiss his due process claim without prejudice and allow him "to pursue and exhaust remedies at the state level and, if no relief is provided,

security gate causing injury to his head, neck and back, choked him for 45-60 seconds, struck him repeatedly with a closed fist, and Artl "used a chemical agent on [him] (2) times" while Plaintiff was being restrained by Phillips. (Compl. at 6). Following the altercation, the Adjustment Committee, a prison disciplinary board, made the following findings: Pike grabbed Defendant Phillips by the collar and called him a "pussy ass bitch"; Defendant Phillips "pushed [Plaintiff] against the gate"; and Defendant Artl "gave [Plaintiff] a one second bust of OC pepper spray." (Compl. at 11). The Committee found that Pike violated the charge "Assaulting any Person" and "Insolence." (*Id.*).

## III. Discussion

Defendants move for judgment on the pleadings on the sole basis that Plaintiff's claims are barred by the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that the plaintiff in an action under 42 U.S.C. § 1983 may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon. *See also Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008). This doctrine extends to the decisions of prison disciplinary tribunals. *Edwards v. Balisok*, 520 U.S. 641 (1997). Under *Heck*, a civil rights suit cannot be maintained by a prisoner if a judgment in his favor would "necessarily imply" that his conviction or, for purposes of this case, the ruling of the prison disciplinary board, was invalid. *Moore v. Mahone*, 652 F.3d 722, 723 (7th Cir. 2011) (citing *Edwards v. Balisok*, 520 U.S. 641, (1997)).

---

file a petition for habeas corpus." (Resp. at 4). Plaintiff's due process claim is dismissed without prejudice.

A. Plaintiff's Excessive Force Claim

Under *Heck* and *Edwards*, Pike is bound by the findings of the Adjustment Committee. Defendants argue that a jury's finding of "excessive force would imply that the Adjustment Committee's decision on Plaintiff's disciplinary ticket was invalid." (Mot. at 3). *Heck* does prevent a litigant from contradicting a valid judgment, but "[a] contention that a guard struck back after being hit is compatible with *Heck*. Otherwise guards (and for that matter any public employee) could maul anyone who strikes them, without risk of civil liability as long as the private party is punished by criminal prosecution or prison discipline for the initial wrong." *Gilbert*, 512 F.3d at 901. "An argument along the lines of 'The guards violated my rights by injuring me, whether or not I struck first' does not present the sort of inconsistency that" warrants application of the *Heck* doctrine. *Id.* at 902; *Hemphill v. Hopkins*, No. 08 C 157, 2011 WL 6155967, at *2 (N.D. Ill. Dec. 12, 2011) ("*Heck* does not bar an excessive force claim if the plaintiff, putting aside any challenge to his conviction, proceeds on the theory that the degree of force applied was unreasonable under the circumstances."). *See also Gilbert*, 512 F.3d at 901 ("*Heck* and *Edwards* do not affect litigation about what happens after the crime is completed. Public officials who use force reasonably necessary to subdue an aggressor are not liable on the merits; but *whether* the force was reasonable is a question that may be litigated without transgressing *Heck* or *Edwards*.") (emphasis in original); *Elcock v. Whitecotton*, 434 Fed. Appx. 541, 542–43 (7th Cir. 2011) ("a

claim of excessive force . . . will not undermine a finding that the plaintiff attacked or wrongly resisted a police officer or prison guard").

Defendants also argue that there are specific factual allegations in the Complaint that do not comport with the Adjustment Committee's findings. (Reply at 1). Specifically, Defendants rely on the Complaint's allegation that Defendant Artl "used a chemical agent . . . two times while [Plaintiff] was being restrained" (Compl. at page 6), whereas the Adjustment Committee found that Defendant Artl issued a "one second burst" of pepper spray. (Compl. at 11). However, the Complaint was filed by the prisoner *pro se*, and "pro se prisoners are often tripped up by *Heck*'s complexities." *Navejar v. Iyiola*, 718 F.3d 692, 697 (7th Cir. 2013); *see also Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010) ("prisoner proceeding without counsel, struggled to articulate his contentions in a way that would avoid problems under *Heck*" and could proceed with his claims by abandoning the allegations that did not comport with *Heck*). In his Response, Plaintiff, now represented by appointed counsel, unequivocally states that he "does not challenge the validity of findings of the Adjustment Committee." (Resp. at 4).

Moreover, if Plaintiff does attempt to contest the Committee's findings, the Seventh Circuit has stated "any statements to the contrary by [Plaintiff] or a witness must be ignored" and can be remedied through jury instructions, if necessary. *Gilbert*, 512 F.3d at 902. Given the fact that Plaintiff has been appointed counsel since the filing of his original Complaint, the Court does not anticipate

these issues going forward. Defendants' motion for judgment on the pleadings as to Plaintiff's excessive force claim is denied.

### B. Plaintiff's Denial of Medical Treatment Claim

Defendants next argue that Plaintiff's claim that he was denied medical treatment by Defendants Phillips and Artl is barred by *Heck*. (Mot at 3). Defendants do not provide any precedent for their argument that the denial of medical treatment "would imply that this finding by the Adjustment Committee was incorrect." (Mot. at 4). By contrast, s*ee Tolliver v. Pentimone*, No. 07 C 6796, 2010 WL 3025569, at *1 (N.D. Ill. July 27, 2010) (finding *Heck* does not render a denial of medical treatment claim invalid if the action will not demonstrate the invalidity of criminal judgment against plaintiff). In their reply, Defendants state that they "deny any refusal of medical treatment." This, of course, goes to the merits of Plaintiff's claim, and not to the issue of whether the claim is barred by *Heck* in light of the Adjustment Committee's findings. The Adjustment Committee's decision makes no mention of medical treatment, and an allegation that Plaintiff was denied medical treatment does not imply that any of the Adjustment Committee's findings were incorrect. Defendants' motion for judgment on the pleadings as to Plaintiff's denial of medical treatment claim is denied.

## IV. Conclusion

For the reasons stated above, Defendants' motion for judgment on the pleadings [46] is granted in part and denied in part. Defendants' motion for judgment on the pleadings as to Plaintiff's due process claim is **GRANTED**, and Count III is

dismissed without prejudice. Defendants' motion for judgment on the pleadings as to Plaintiff's excessive force (Count I) and denial of medical treatment (Count II) claims as barred by the *Heck* doctrine is **DENIED**.

Dated: March 6, 2015                              *Mary M Rowland*